IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>v.<br>JALAL HAJAVI,<br>   Defendant. | CRIMINAL ACTION NO.:<br>1:19-CR-443 |

**MOTION TO DISMISS INDICTMENT FOR VIOLATION OF DEFENDANT'S STATUTORY RIGHT TO SPEEDY INDICTMENT**

COMES NOW, Jalal Hajavi, by and through undersigned counsel, and files this Motion to Dismiss for Violation of Defendant's Statutory Right to Speedy Indictment.

**Concise Factual Background**

Two complaints have been filed by the Government in this case. The first was filed on July 24, 2017 and charged violations of "13 U.S.C. § 305 and regulations promulgated thereunder in violation of Title 18, United States Code, § 554."[1] The Government filed a second complaint on February 20, 2019 charging violations of "Title 50, United States Code, § 1705(a), in violation of Title 18,

---

[1] The first complaint is docketed at 1:17-MJ-608. Though the case was unsealed, there is no affidavit attached to the complaint. Counsel for the Government has provided to counsel for Mr. Hajavi a Word document believed to be the most recent iteration of the affidavit supporting the complaint.

United States Code, § 554; in violation of Title 18 United States Code, § 371." Doc. 1 at 1.

Nine months after filing the second complaint, on November 20, 2019, the Government filed a four-count indictment charging violations of 18 U.S.C. § 554 (Cts 1,2) and 50 U.S.C. § 1705 (Cts 1, 2, 3, 4). Doc. 25.

While there is excludable time, there exists non-excludable time significantly in excess of 30 days.

## Argument and Authority

### I. A Violation of the Speedy Trial Act Has Occurred, Mandating Immediate Dismissal

18 U.S.C. § 3161(b) governs statutory speedy indictment rules requiring that "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Far more than thirty days passed between the filing of both the first and second complaint and the filing of the indictment. While some periods were tolled following the second complaint, they are not sufficient to impact the analysis and will not be addressed here.

Once a violation of the Speedy Trial Act has been established, dismissal is mandated. 18 U.S.C. § 3162(a)(1)("If, in the case of any individual against whom a

complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint ***shall be dismissed or otherwise dropped***.")(emphasis added). Because more than 30 non-excludable days gave elapsed, Mr. Hajavi's rights under the Speedy Trial Act have been violated and this Court must dismiss the instant indictment.

## II.   This Court Should Dismiss the Indictment with Prejudice

In determining whether to dismiss a case on a statutory speedy trial violation with or without prejudice is governed by 18 U.S.C. § 3162(a)(2). "Under both §§ 3162(a)(1) and (a)(2), the district court has discretion to dismiss a case either with or without prejudice. *United States v. Taylor,* 487 U.S. 326, 335, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); *United States v. Derose,* 74 F.3d 1177, 1182 (11th Cir.1996). As the Supreme Court clarified in *Taylor,* there is no preference for one type of dismissal over the other. 487 U.S. at 335, 108 S.Ct. 2413.

In choosing whether to dismiss with or without prejudice, the Court is guided by considering, at a minimum, the three factors specifically enumerated in both parts of § 3162(a): the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the

administration of this chapter and on the administration of justice. *Id.* "[C]ourts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but, in order to proceed under the Act, must consider at least the three specified factors." *United States v. Taylor*, 4877 U.S. 326, 333 (1988).

In order to dismiss the case without prejudice, the burden is on the Government to show "affirmative justification" that warrants dismissal without prejudice. *United States v. Godoy,* 821 F.2d 1498, 1505 (11th Cir.1987)("[I]n order to prevent abuse of the [Act's] deadlines, we require a showing of some affirmative justification by the government to warrant a dismissal without prejudice.") (internal quotation marks omitted). As such, the burden is on the Government to show why the case should not be dismissed with prejudice. Accordingly, Mr. Hajavi will address these factors in a reply brief should the Government contest this motion.

WHEREFORE, Mr. Hajavi prays that this Court will dismiss the instant action with prejudice.

Dated: This 16th day of January, 2020.

                                            Respectfully Submitted,
                                            /s/ *John Lovell*
                                            John Lovell
                                            Attorney for Defendant
                                            Georgia Bar No. 359390

>90F Glenda Trace, #427
>Newnan, Georgia 30265
>678.552.2534
>john@johnrlovell.com

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing document was formatted in New Times Roman 14 pt., in accordance with Local Rule 5.1B, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 16th day of January, 2020.

>/s/ *John Lovell*
>John Lovell
>Attorney for Defendant