## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL ACTION FILE** |
| **JALAL HAJAVI,** | **NO. 1:19-cr-0443-TWT-AJB-01** |
| **Defendant.** | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Before the Court is Defendant Jalal Hajavi's motion to dismiss the indictment for violation of the Speedy Trial Act. [Doc. 35]. The government responded, [Doc. 50], and Hajavi replied, [Doc. 67]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I.   BACKGROUND

On July 24, 2017, Hajavi was named in a single-count criminal complaint alleging that he violated 18 U.S.C. § 554, specifically that "on June 22, 2017, [he] knowingly export[ed] or sen[t], or attempt[ed] to export or send, merchandise, articles or objects contrary to any law or regulation of the United States, or facilitate the transportation, concealment or sale of such merchandise, article or object prior to exportation, knowing the same to be intended for exportation contrary to any law

or regulation of the United States, to wit, 13 U.S.C. § 305[1] and regulations promulgated thereunder." *United States v. Hajavi*, No. 1:17-MJ-608-CMS (N.D. Ga. filed July 24, 2017), at Doc. 1.

On February 20, 2019, the government moved to dismiss that complaint without prejudice, noting that Hajavi agreed to self-surrender on February 28, 2019 and that the government was presenting a new complaint adding additional paragraphs and evidence and a different charge, that is, a violation of 18 U.S.C. § 371. *Id.*, Doc. 6 at 1. The complaint was dismissed without prejudice that same day. *Id.*, Doc. 6 at 2.

On February 20, 2019, a different criminal complaint (No. 1:19-MJ-0129-CMS) was issued against Hajavi, charging him, in violation of 18 U.S.C. § 371, with conspiracy to buy and facilitate the transportation and sale of an Ingersoll Rand Crawler Mounted Rotary Blasthole drill, model DM45E, knowing the same to be intended for exportation contrary to any law and regulation of the United States, that is 50 U.S.C. § 1705(a) and 18 U.S.C. § 554. [Doc. 1]. Hajavi appeared

---

[1]     Among other penalties, 13 U.S.C. § 305 makes it a crime to knowingly fail to file or submit false or misleading export information through the Shippers Export Declaration (SED) or the Automated Export System (AES), or to knowingly report any information on or uses the SED or the AES to further any illegal activity. 18 U.S.C. § 305(a), (b).

2

in this District to respond to the complaint on February 28, 2019.  He waived a preliminary hearing and thereafter was released on bond.  [Docs. 4, 5, 8, 9].

Also on February 28, 2019, an unopposed motion of the government was granted, extending the time to indict Hajavi until April 30, 2019.  [Docs. 6, 7]. Following another unopposed motion, [Doc. 13], the time to indict subsequently was extended until July 3, 2019.  [Doc. 14].

A November 6, 2019 indictment charged Hajavi in Count One with conspiracy to violate the International Emergency Economic Powers Act, in violation of 50 U.S.C. 1705[2]; in Count Two with smuggling goods from the United States, in violation of 18 U.S.C. § 554[3]; and in Counts Three and Four with

---

[2]      Title 50 U.S.C. § 1705(a) makes it unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this chapter."

[3]      Title 18 U.S.C. § 554(a) provides:

> Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

The count also charged Hajavi with aiding and abetting under 18 U.S.C. § 2.

3

substantive violations of § 1705.[4]  [Doc. 15].

## II.     ARGUMENTS OF THE PARTIES

Hajavi alleges that under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., because the pending indictment was returned more than 30 non-excludable days following his appearance on the complaint, the indictment should be dismissed and the dismissal should be with prejudice.  [Doc. 35 at 2-4].  He submitted that because the government bears the burden of demonstrating that dismissal without prejudice is warranted, he would discuss why the case should be dismissed with prejudice in his reply brief.  [*Id.* at 4].

In response, the government argues, first, that to the extent Hajavi seeks dismissal under the Speedy Trial Act due to any delay in indicting him following the issuance of the first complaint (No. 1:17-MJ-608), the contention should be rejected because there is no Speedy Trial Act violation for charges dismissed without prejudice prior to a defendant's arrest.  [Doc. 50 at 4 nn.2 & 3].  Second, the government argues that, at best, a violation of the 30-days-to-indict proscription under the Speedy Trial Act warrants dismissal only of the charges that were set forth in the criminal complaint, which in this case would be a conspiracy charge

---

[4]      The indictment also contained a forfeiture allegation.

under § 371.  [*Id.* at 6-7]. It argues, however, that the indictment does not charge Hajavi with violating the general conspiracy statute (§ 371), but rather a conspiracy under a different statute (§ 1705).  [Doc. 50 at 8].  Although acknowledging the absence of any caselaw concerning the Speedy Trial Act and two different conspiracy charges, it analogizes this situation to cases decided under the Constitution's Double Jeopardy Clause, where courts have held that conspiracies charged under separate statutes are separate and distinct charges.  [*Id.* at 7-9 (citing *Albernaz v. United States*, 450 U.S. 336, 345 n.3 (1981) (holding that conspiracies under 21 U.S.C. §§ 846, 963 constitute separate charges); *United States v. Meyers*, 854 F.3d 341, 356 (6th Cir. 2017) (holding that indictment charging separate conspiracies under § 371 and 18 U.S.C. § 1956(h) not multiplicitous); *United States v. Mulherin*, 529 F. Supp. 916, 930-31 (S.D. Ga. 1981) (holding that conspiracies charged under § 371 and 21 U.S.C. § 846 were separate offenses even if underlying acts constituted a single transaction), *aff'd* 710 F.2d 731 (11th Cir. 1983))].  The government goes on to argue that the elements of a § 371 conspiracy as charged in the complaint were different than the § 1705 conspiracy charged in the indictment, and therefore, consistent with *Meyers*, the 2019 complaint and the present indictment charge separate crimes and, thus, neither the indictment nor the Count One conspiracy charge are subject to dismissal.

5

[Doc. 50 at 10-11].   It also contends that Counts Two through Four, charging substantive violations of §§ 554 and 1705 are not subject to dismissal because those charges were not contained in the 2019 complaint.  [*Id.* at 11-13].  Finally, the government argues that if the indictment or any count is subject to dismissal, dismissal should be without prejudice, because Hajavi is charged with serious crimes; the delay (four months), if any, is not correspondingly severe; the delay resulted from the parties' attempts to resolve the case; and Hajavi has not shown how he is prejudiced or how the delay affected the administration of justice. [*Id.* at 14-15].

In his reply, Hajavi first contends that he did not agree to the form of the dismissal of the initial complaint, having advised the government that he wanted dismissal with prejudice and that he was reserving his rights to a speedy indictment or trial prior to arraignment on the new complaint.  [Doc. 67 at 2].  He complains that despite his stated position, the government submitted to the magistrate judge, ex parte, the version of the motion seeking dismiss of the initial complaint without prejudice, representing that it was without his objection.  [*Id.*].  He also contends that his counsel modified the government's draft "Speedy Trial Tolling Agreement and Waiver of Preliminary Hearing," and argues that such changes reflect his intent to protect his speedy trial rights, and therefore, the government's ex parte

6

submissions should not be treated as a waiver by him.  [*Id.* at 2-3].  The Court construes Hajavi's argument on this point to be that since he recognizes that the government in the draft motion to dismiss indicated its intent to file another complaint, he has not waived his rights to challenge the indictment as untimely. [*Id.* at 3-4].

Hajavi next argues that the government is wrong that the indictment contains none of the charges in the complaint, and also is incorrect that the Court should not consider the initial complaint.  [*Id.* at 4].  He contends that the initial complaint charged violations of 13 U.S.C. § 305 and 18 U.S.C. § 554, and the second complaint charged violations of 18 U.S.C. §§ 371 and 554 and 50 U.S.C. § 1705, while the indictment charges violations § 554 in Counts One and Two and § 1705 in Counts One, Two, Three, and Four; and thus, as a result, "there are no new charges."  [*Id.*].  He then argues that the indictment should be dismissed with prejudice, because the facts belie that the crime is serious since the products he sold to another did not have direct military application, the charges have resulted in a delay in his naturalization, and the administration of justice is adversely affected because he has had to vociferously assert that he did not waive his Speedy Trial rights.  [*Id.* at 5-6].

## III.   <u>DISCUSSION</u>

The Speedy Trial Act requires the government to file an indictment within thirty days from the date of the defendant's arrest or the service of a summons on a complaint. 18 U.S.C. § 3161(b).  The government's failure to comply with this provision may lead to the dismissal of the charge against the defendant:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) . . . of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1).  The plain language of the Speedy Trial Act disposes of Hajavi's first argument.  He was not arrested on the initial complaint issued July 24, 2017 (No. 1:17-MJ-608), nor is there any evidence that he was served with a summons as to that complaint.  Only a " 'federal arrest' triggers the running of the thirty day time period set forth in § 3161(b)." *United States v. Pineda*, No. 1:06-CR-350WSD, 2008 WL 686239, at *2 (N.D. Ga. Mar. 10, 2008) (quoting *United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir. 1994)).  Since the initial complaint was dismissed before Hajavi was arrested or served with a summons, the protections of the Speedy Trial Act were not triggered by the failure to timely indict him.

Notwithstanding the above, Hajavi's contention that what he agreed to when he did not object to dismissal of the initial complaint was different than the version actually submitted by the government to the court is exceptionally troubling. Upon further application by him, the Court will determine whether any lawyer violated an obligation of candor to the Court and opposing counsel. But the Court reiterates that form of the dismissal of the initial complaint in this case, and whether Hajavi reserved any rights under the Speedy Trial Act, are irrelevant to resolution of the pending Speedy Trial Act motion since he was not arrested on that charge. That is, Hajavi is not alleging that prosecuting him for violating § 554 violates double jeopardy or that the government is estopped from prosecuting him for that charge because it agreed to dismiss that charge with prejudice. Rather, his claim in his motion is that the government cannot proceed on that charge due to its violation of the Speedy Trial Act, a contention that the Court has rejected for the reasons stated above. Further, the government is not alleging that Hajavi waived any Speedy Trial Act claim as a result of the initial complaint's dismissal; instead it is claiming that no Speedy Trial Act violation occurred. And the fact remains that Hajavi was neither arrested nor summonsed on that earlier complaint. Because the initial complaint was dismissed, albeit without prejudice, before Hajavi was arrested, summonsed, or appeared in court on that complaint, the Speedy Trial Act is not

implicated and the Court rejects any arguments that the initial complaint is relevant to disposition of the pending motion.

The government also has the better argument as to the Speedy Trial Act's effect on the approximate four-month delay (after extensions) in indicting him following his appearance on the complaint in Case No. 1:19-MJ-0129. The provisions of 18 U.S.C. §§ 3161(b) and 3162(a)(1) are triggered only by an arrest or summons for the *same offense* for which the accused is subsequently indicted. *United States v. Derose*, 74 F.3d 1177, 1184 (11th Cir. 1996), *as modified* March 15, 1996; *United States v. Brooks*, 670 F.2d 148, 151 (11th Cir. 1982). Hajavi was charged in the February 20, 2019 complaint with conspiracy under 18 U.S.C. § 371[5] to violate 18 U.S.C. § 554 and 50 U.S.C. § 1705. He is charged in the instant indictment with conspiring to violate § 1705 (which code section also criminalizes conspiracy to violate it), as well as substantive offenses under § 554 and § 1705. They are not the same offenses.

_____

[5]     Title 18 U.S.C. § 371 provides in relevant part:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

10

The government is correct that no Eleventh Circuit case has directly defined the test to employ when courts determine whether offenses are the same or different for purposes of the Speedy Trial Act, although *Derose* reiterated that conspiring to commit a drug offense and committing the substantive drug offense are separate and distinct offenses.  *Derose*, 74 F.3d at 1184.[6]  The Fifth Circuit has concluded that the same-offense test used in double-jeopardy jurisprudence is the appropriate mechanism to resolve what is the "same offense" for Speedy Trial Act purposes. Thus, under Fifth Circuit caselaw, the Speedy Trial Act is implicated only if the two charging documents (one timely and one not) "charge an identical offense." *See United States v. Martinez-Espinoza*, 299 F.3d 414, 416 (5th Cir. 2002) (quoting *United States v. Perez*, 217 F.3d 323, 328 (5th Cir. 2000)).  Under the Fifth Circuit's analysis, whether two offenses are identical depends on "whether each provision requires proof of an additional fact which the other does not."  *Id.* at 417 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  In *United States v. Bailey*,

---

[6]      It is true that the *Brooks* court held that being placed in disciplinary segregation in prison as a result of threats to a prison guard and a charge for assaulting a different federal officer were "unrelated" for purposes of the Speedy Trial Act.  *Brooks*, 670 F.2d at 151.  The "unrelated" test is of limited vitality since, as discussed in the text, in *Derose* the court held that a transaction resulting in a conspiracy and a substantive charges are not the same offense for purposes of the Speedy Trial Act.

111 F.3d 1229, 1236 (5th Cir. 1997), the court held that the charges in the information and the indictment constituted different offenses because they failed the "same elements" test of *Blockburger*.   Other courts have criticized the importation of double-jeopardy concepts into Speedy Trial Act analysis.   *See United States v. Gaskin*, 364 F.3d 438, 453-55 (2d Cir. 2004) ("greater and lesser included offenses treated as one for double jeopardy purposes will not qualify as the 'same charge' under § 3162(a)(1) when the greater offense is charged after the lesser one"; observing that the Speedy Trial Act's concern is that charges actually pending against a defendant be promptly processed, while the Double Jeopardy Clause protects against cumulative punishment for the same crime in successive prosecutions).   Hajavi has not argued in his papers that the government's embrace of the different-elements test is incorrect.

Although application of the Second and Fifth Circuits' jurisprudence also dictate that no Speedy Trial Act violation occurred in this case, the Court concludes that our Circuit's *Derose* decision provides enough rationale for resolving Hajavi's motion.  Section 3162(a)(1) provides that where a complaint charging "*an offense*" is not timely followed by an indictment or information, "*such charge* against that individual contained in such complaint shall be dismissed or otherwise dropped."

12

(emphasis added).  In *Derose*, the court rejected the contention[7] that the Speedy Trial Act's dismissal sanction applied when a later charge is filed that arose out of the same transaction or occurrences that provided the basis for an earlier complaint which was dismissed, observing that Congress considered and declined to follow the suggestion that the Speedy Trial Act's dismissal sanctions should be applied to a subsequent charge if it arose from the same criminal transaction or event as those detailed in the initial complaint or were known or reasonably should have been known at the time of filing the initial complaint.  *Derose*, 74 F.3d at 1184 (citing, *inter alia*, *United States v. Napolitano*, 761 F.2d 135, 137-38 (2d Cir. 1985)). Instead, "when the indictment violates the Speedy Trial Act, a court generally should dismiss 'only the charge[s] contained in the criminal complaint.' " *United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002) (quoting *Derose*, 74 F.3d at 1183.

Applying the teachings of *Derose*, the February 20, 2019 complaint against Hajavi alleged a violation of § 371.  "Such charge" is not included in the pending indictment, which instead charges a conspiracy under § 1705.  As a result, § 1705

---

[7]    That contention was made by the undersigned when in private practice.

conspiracy, a separate and distinct crime, is not subject to dismissal as a result of a violation of the Speedy Trial Act.

Furthermore, *Derose* held that the conspiracy and substantive drug offenses involved in that case were "separate and distinct offenses," and thus the dismissal of the drug conspiracy charge alleged in that complaint did not mandate dismissal of the substantive charge of possession with intent to distribute as alleged in the indictment. *Derose*, 74 F.3d at 1184; *see also United States v. El-Alamin*, 574 F.3d 915, 922 (8th Cir. 2009) (no Speedy trial Act violation where drug charge was not included in complaint that was dismissed for violation of the Act). Therefore, a § 371 conspiracy to violate 50 U.S.C. § 1705(a) and 18 U.S.C. § 554 as alleged in the February 20, 2019 complaint does not prevent the government from pursuing the substantive charges of violating either § 554 or § 1705 as alleged in the indictment.

Therefore, even though the government violated the Speedy Trial Act by filing the present indictment almost four months after the extended time to indict had run, none of the offenses alleged in the indictment was contained in the relevant pending complaint and, therefore, the undersigned **RECOMMENDS** that Hajavi's motion to dismiss be **DENIED**.

14

Alternatively, if the District Judge concludes that the "same-elements" test of the Fifth Circuit provides the appropriate paradigm for analysis, the recommended resolution is still the same. A § 371 conspiracy as charged in the February 2019 complaint is not the same offense as the conspiracy to violate § 1705 as charged in the indictment. In order to sustain a conviction under 18 U.S.C. § 371, the government must prove (1) the existence of an agreement to achieve an unlawful objective; (2) the defendant's knowing and voluntary participation in the agreement; and (3) the commission of an act in furtherance of the agreement. *United States v. Adkinson*, 158 F.3d 1147, 1153 (11th Cir. 1998) (citing *United States v. Cure*, 804 F.2d 625, 628-30 (11th Cir. 1986)); *see also United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). On the other hand, in order to convict Hajavi of the 50 U.S.C. § 1705 conspiracy charged in Count One of the indictment, the government would have to prove that he (1) entered into an agreement with another to export and reexport Heavy Equipment from the United States to Iran and to engage in a transaction or dealing with regard to the export and reexport of Heavy Equipment from the United States to Iran; (2) did so willingly, that is, voluntarily and intentionally in violation of a known legal duty under a statute, license, order, regulation or prohibition; (3) knew or had reason to know that those goods that were intended for delivery to Iran were controlled goods

15

that required an export license; and (4) did not obtain the necessary license from the Department of the Treasury's Office of Foreign Office Control before exporting or reexporting the goods. *See United States v. Aydin*, No. 1:12-cr-221-2-ODE-AJB, 2015 WL 927666 at *3, *14 (N.D. Ga. Mar. 3, 2015) (Evans, J., *adopting* Baverman, M.J.); *United States v. Quinn*, 403 F. Supp. 2d 57, 66 (D.D.C. 2005). *See generally United States v. Singer*, 963 F.3d 1144, 1158 (11th Cir. 2020) (discussing dual scienter requirements under § 1705). Section 1705 expressly provides a penalty for conspiring violate a provision of that code section, and therefore a § 1705 conspiracy charge has different elements than a § 371 conspiracy.

As for the substantive offensives alleged in the indictment, it is well established that conspiracy is a separate offense from such substantive offenses. *See Callanan v. United States*, 364 U.S. 587, 591-95 (1961) (indictment charging obstruction of commerce by extortion and conspiracy to obstruct commerce by extortion not multiplicitous); *see also United States v. Felix*, 503 U.S. 378, 391 (1992) (recognizing "established doctrine" that conspiracy and substantive offenses are separate); *Derose*, 74 F.2d at 1184 (noting that "it is well established that conspiracies and substantive offenses are separate and distinct offenses requiring proof of different elements" (citing *Callanan*, 364 U.S. at 593); *United*

16

States v. Eley, 968 F.2d 1143, 1145-46 (11th Cir.1992) (same) (quoting Felix, 503 U.S. at 389, and United States v. Bayer, 331 U.S. 532, 542 (1947)).  Although the February 2019 complaint charged a § 371 conspiracy to violate § 544 and § 1705, the pending indictment lawfully charges the substantive offenses of § 544 and § 1705.

Accordingly, the Speedy Trial Act has not been violated even under the same-elements test and, therefore, Hajavi is not entitled to dismissal of the indictment.

Because it is clear that no violation of the Speedy Trial Act occurred, the Court need not discuss at great length whether, if he had, the indictment should be dismissed with or without prejudice.  However, if the District Judge disagrees with the above analysis and concludes that some or all of the counts in the indictment should be dismissed, the Court briefly undertakes the dismissal-with-or-without-prejudice analysis.

When a court determines that a violation of the Speedy Trial Act has occurred, dismissal may be with or without prejudice.  See 18 U.S.C. § 3162(a)(1).  "[N]either remedy is preferred; the proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute."  United States v. Russo,

741 F.2d 1264, 1267 (11th Cir. 1984).  The Speedy Trial Act sets forth three factors for a court to consider in deciding whether a dismissal should be with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice.  *See* 18 U.S.C. § 3162(a)(1). Unlike § 3162(a)(2), § 3162(a)(1) is silent as to which party has the burden of proof. Even assuming for purposes of this case that the government has the burden under this code section, dismissal with prejudice is not warranted.

As to seriousness of the offense, Hajavi argues that (1) the crime is not serious since he possibly could plead guilty and not receive a prison sentence, (2) the equipment exported did not have a direct military application, and (3) there is no evidence that the materials sold by him were used for anything other than typical construction, [Doc. 67 at 6].  However, the § 1705 conspiracy with which he is charged carries a potential prison sentence of up to twenty years, which is a more serious sentence than he faced under the § 371 charge (five years) in the February 2019 complaint or even the original § 554 charge (ten years) in the earlier dismissed complaint.  While not necessarily an indication of the sentence he would receive, the significant penalty authorized by Congress upon conviction for a § 1705 charge is a reflection of the seriousness with which the conduct at issue is

viewed.  Moreover, it takes little imagination to recognize how the type of heavy equipment identified in the indictment—earthmovers and crawler mounted rotary blasthole drills—could be put to use by Iran, a trade-sanctioned country, to the detriment of both the security and the foreign policy of the United States.  This factor weighs in favor of dismissal without prejudice if the District Court were to find a Speedy Trial Act violation in fact occurred.

As for the second factor, which evaluates the duration and reasons for the delay, the delay was not lengthy—four months—and Hajavi did not dispute the government's contention that the delay was caused by the parties actively seeking to resolve the case.  [Doc. 50 at 15; *see generally* Doc. 67].  A good-faith effort to resolve the case short of trial has been recognized as a valid reason supporting dismissal without prejudice.  *See United States v. Mathurin*, 868 F.3d 921, 929 (11th Cir. 2017).  " 'Where the crime charged is serious, the court should dismiss [with prejudice] only for a corresponding severe delay.' "  *Williams*, 314 F.3d at 557 (quoting *Russo*, 741 F.2d at 1267).  Since the delay in this case was not severe, this factor also weighs in favor of dismissal without prejudice.

The third factor "not only allows courts to review the seriousness of the criminal charges and the reason for the delayed indictment but also 'provides authority for considering such aggravating and mitigating factors as the length of

19

the delay and the prejudice to the defendant.' " *Id.* at 560 (quoting *United States v. Godoy*, 821 F.2d 1498, (11th Cir. 2002). While Hajavi points to prejudice upon conviction that certainly would seriously impact him and his family, particularly his likely removal from the United States, Hajavi has identified no prejudice resulting from the delay that has impacted his defense or ability to prepare for trial. *United States v. Ochoa*, 941 F.3d 1074, 1101 (11th Cir. 2019).

As a result, even if the District Court concluded that dismissal of some or all of the charges was warranted, dismissal without prejudice is the only sanction that should be imposed.

## III. <u>CONCLUSION</u>

For all of the above reasons, the undersigned **RECOMMENDS** that Defendant Hajavi's motion to dismiss the indictment for violation of his statutory right to speedy indictment, [Doc. 35], be **DENIED**.

The Court has now ruled upon, or recommended a ruling upon, all matters referred pursuant to Standing Order 14-02 (N.D. Ga. Aug. 15, 2014). As a result, this matter as to this Defendant is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED and DIRECTED**, this 27th day of January, 2021.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

21